[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Paul Hiller and Robert Laauwe, sue the defendant Gregory Gibson in connection with two promissory notes, a security agreement, and mortgage executed by the defendant in 1983. The two notes, for $25,000 and for $5,000 respectively, and a mortgage of the defendant's interest in property at 84 Ferris Avenue, Norwalk, were executed in CT Page 5971 favor of the plaintiffs in connection with their sale of a video game business on Main Street in Norwalk to the defendant. The notes were not paid when due and the plaintiffs commenced a foreclosure action against the defendant's interest in the Norwalk property.
In his answer to the complaint, the defendant Gibson asserts two special defenses; (i) that the video equipment sold to him by the plaintiffs, which constituted collateral under the security agreement, was returned to the plaintiffs, thus discharging the debt; and (ii) that the plaintiffs were guilty of laches by not commencing the suit in a timely fashion.
The case was referred to the attorney trial referee program, General Statutes S 52-434 (a)4, Practice Book S 428 et seq., and the attorney trial referee, Matthew J. Forstadt, Esq., recommended that judgment enter in favor of the plaintiffs.
The defendant Gibson filed a motion to correct, Practice Book S 438, but the referee declined to make any changes in his report. The defendant then filed exceptions to the referee's report, Practice Book S 439, and objections to the acceptance of the report. Practice Book S 440. The essence of the defendant's exceptions and objections is his claim that he was never notified that the plaintiffs were selling the goods that he had returned to them, and also that the goods were not sold by the plaintiffs in a commercially reasonable manner in accordance with General Statutes 5 42a-9-504 concerning the sale of collateral after default.
The attorney trial referee, on the other hand, determined that the plaintiffs had in fact notified the defendant Gibson of the proposed sale of the collateral by having a meeting with defendant's attorney concerning the proposed sale, sending this attorney three letters regarding the sale, and also sending certified mail relating thereto to the defendant, which he refused to accept. The attorney trial referee also concluded that the goods were sold in a commercially reasonable manner because (i) the plaintiffs expended a great deal of effort in attempting to find a buyer in what was described as a depressed market for video and pinball games; (ii) a public sale was not feasible; and (iii) the price received in the private sale was reasonable. The referee indicated that "[t]he amount obtained from the sale of the collateral was reasonable and the sale was conducted in a commercially reasonable manner." As to the claim of laches, the attorney trial referee concluded that CT Page 5972 the defendant had not been prejudiced by the delay between September of 1983 when the notes went into default, and 1988 when the action was commenced.
It appears to me that the defendant is attempting to substitute his version of the facts for those found by the attorney trial referee, an attempt which was disapproved in Argentis v. Gould, 23 Conn. App. 9, 19, 579 A.2d 1078
(1990). I find no material error in the referee's report, or any other reason why it is unacceptable. Practice Book S 443. I believe that his "conclusions of fact" were "properly reached on the basis of the subordinate facts found." Practice Book S 440. Moreover, this action is akin to a breach of contract claim, and as was said in Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420,423, 567 A.2d 1250 (1989), cert. denied, 214 Conn. 804,573 A.2d 318 (1990); "[i]n a contract action findings of fact should be overturned only when they are clearly erroneous."
Therefore, judgment may enter for the plaintiffs in accordance with the referee's recommendations. As of the time of trial in July of 1989 the debt was found to $52,226.86, and judgment may enter in favor of the plaintiffs in that amount as of July 28, 1989. The remedy sought is a foreclosure of a mortgage, and therefore a motion should now be claimed for the foreclosure short calendar, at which time the court can determine whether there should be a strict foreclosure or sale, fix the exact amount of the current debt, including attorney's and appraiser's fees, and rule on other details of a foreclosure.
So Ordered.
Dated at Stamford, Connecticut this 31st day of July 1991.
WILLIAM B. LEWIS, JUDGE